UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SANDRA D. ELLIS,

                        Plaintiff,         09-CV-6222

           v.                           **DECISION**
                                              **and ORDER**
DELPHI CORPORATION,

                        Defendant.
_____

## **INTRODUCTION**

Plaintiff Sandra D. Ellis ("plaintiff"), proceeding *pro se*, filed this action on April 30, 2009 alleging that her former employer and defendant, Delphi Corporation ("defendant" and/or "Delphi") subjected her to workplace discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA") in relation to her alleged termination from Delphi on June 4, 2007. Delphi moves to dismiss plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that plaintiff's claims are time barred. Specifically, defendant argues that plaintiff failed to file her charge of discrimination within three hundred (300) days of the alleged acts of discrimination, i.e. the date of her alleged termination from employment. Plaintiff has not opposed defendant's motion. For the reasons set forth below, defendant's motion to dismiss is granted.

## BACKGROUND

The following facts are taken from the Complaint, including documents and attachments incorporated by reference or upon which plaintiff relied in drafting the Complaint, and are not findings of fact by the Court, but rather assumed to be true for the purposes of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party. Plaintiff alleges she was hurt on the job on April 28, 2007 and did not return to work until early June 2007. See Complaint ("Compl.") ¶¶21, 13(j). When she returned to work, she met with Delphi's personnel who informed her that she needed to see Delphi's medical doctor. See id. ¶19. According to the Complaint, Delphi's doctor informed plaintiff that he needed more information from her physician and that she would be hearing from him after he reviews the information from her physician. See id. A few days later on June 4, 2007, Delphi personnel called plaintiff and informed her that due to the information they received from plaintiff's physician, plaintiff was no longer employed by Delphi. See id.

Plaintiff filed complaints with the New York State Division of Human Rights ("NYSDHR") and the United States Equal Employment Opportunity Commission ("EEOC") on April 22, 2008 alleging that she was the subject of workplace discrimination by defendant based on her race, age and disabilities, which all related to her termination from Delphi on June 4, 2007. See Affidavit of Brian

Laudadio ("Laudadio Aff."), Ex. B. On October 17, 2008, the NYSDHR concluded that there was no probable cause to believe that defendant had engaged in unlawful discriminatory practices. See id., Ex. B. The determination found that plaintiff was terminated from employment by Delphi for "reasons relating to absenteeism." See id. In addition, the NYSDHR found that plaintiff did not comply with the terms of the collective bargaining agreement, which required plaintiff to report for work on a date certain or face discharge. See id. Further, the NYSDHR determined that plaintiff was terminated for non-discriminatory reasons. See id. Plaintiff filed her Complaint in the instant case on April 30, 2009. Defendant now moves, pursuant to Fed.R.Civ.P. (12)(b)(6), to dismiss the Complaint on the grounds that plaintiff failed to file a discrimination claim with the NYSDHR or EEOC within three hundred days of the termination of her employment.

## **DISCUSSION**

### I. **Motion to Dismiss Standard**

To survive a motion to dismiss, a plaintiff's claim must be "plausible." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007). Under the plausibility standard, a district court's inquiry focuses on whether the complaint pleads "'enough facts to state a claim for relief that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir.2007) (quoting Bell Atl. Corp., 127 S.Ct. at 1974). When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, ---U.S.----, ---S.Ct.----, 2009 WL 1361536, at *12-*13 (May 18, 2009). Furthermore, "a defendant may raise the affirmative defense in a pre-answer motion to dismiss" when a statute of limitations bars an action based on the dates in a complaint. See Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir.1989). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." See id.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept plaintiff's factual allegations as true and draw all reasonable inferences in its favor. See Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.1996). Moreover, as the Second Circuit recently emphasized in Sealed Plaintiff v. Sealed Defendant, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*,...a court is obliged to construe his pleadings liberally....This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings....This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir.2008) (citations and quotation marks omitted); see also Weixel v. Bd. of Educ. of the City of N.Y., 287

F.3d 138, 146 (2d Cir.2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quotation omitted).[1]

   **II.  Timely Complaint Requirement**

In New York State, Title VII, the ADEA and the ADA require a plaintiff to file an administrative charge of discrimination with the EEOC no more than 300 days after the alleged discriminatory act to maintain an action in federal court. See 42 U.S.C. §2000e-5(e); 42 U.S.C. §12117(a); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (To pursue a judicial remedy for an alleged violation of Title VII, an individual must file a complaint within the time period set forth in Title VII); Pikulin v. City Univ. of New York, 176 F.3d 598, 599 (2d Cir.1999) (In New York, which has a state agency that has authority to grant or seek relief with respect to discriminatory employment actions, a plaintiff must file a complaint with the EEOC within three hundred days of the discriminatory act if she wishes to pursue a federal claim); Ford

---

[1] Although review of a 12(b)(6) motion is typically limited to the pleadings themselves, there are exceptions permitting courts to take into account documents which are attached to, or incorporated in, the Complaint, and, most relevantly, documents of which judicial notice may be taken. See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir.2004) (Court may only consider allegations in complaint and any documents either attached as exhibits to complaint or incorporated into complaint by reference). The Court is able to decide defendant's motion under Rule 12(b)(6) since it is only considering the Complaint and documents of which judicial notice may be taken-public records of the NYSDHR and EEOC. See Muhammad v. New York City Transit Auth., 450 F.Supp.2d 198, 204-05 (S.D.N.Y. 2006) (taking judicial notice of an EEOC charge and agency determination); Lindner v. IBM Corp., 2008 WL 2461934, at *1 n. 1 (S.D.N.Y.2008) (taking judicial notice of an EEOC filing); Evans v. New York Botanical Garden, 2002 WL 31002814, at *4 (S.D.N.Y. 2002) (taking judicial notice of documents issued by the DHR).

v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 307 (2d Cir.1996). This statutory requirement is "strictly enforced." See Daniel v. Long Island Housing Partnership, Inc., 2009 WL 702209 at *8 (E.D.N.Y.2009) (citing Morgan, 536 U.S. at 108) "A claim is time barred if it is not filed within these time limits." Morgan, 536 U.S. at 109; accord Williams v. New York City Hous. Auth., 458 F.3d 67, 69-70 (2d Cir.2006).[2]

Title VII, the ADEA and ADA time restrictions apply to each discrete act of alleged discrimination. Discrete acts of discrimination include "termination, failure to promote, denial of transfer, or refusal to hire," as well as disciplinary actions such as suspensions and the denial of training." See Morgan, 536 U.S. at 114. In Morgan, the Supreme Court held that "[d]iscrete discriminatory acts are not actionable if time barred." See id. Defendant argues that plaintiff's claim is time-barred because she failed to file a complaint with either the EEOC or NYSDHR within the three-hundred-day period required by Title VII, ADEA or ADA.

---

[2]The window for filing a complaint with the EEOC is subject to the equitable doctrines of tolling and estoppel. See Morgan, 536 U.S. at 113-14; see also Zipes v. TWA, Inc., 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). This period "may be equitably tolled, as a matter of fairness, in those 'rare and exceptional circumstance[s]'... in which a party is 'prevented in some extraordinary way from exercising his rights.'" Collier v. Boymelgreen Dev., 2008 WL 835706, at *6 (E.D.N.Y.2008) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.2000) and Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir.1996)). "The [Second Circuit] has identified three general instances where the doctrine is available: (1) an employer's misleading or fraudulent conduct was the cause of plaintiff's ignorance of causes of action; (2) the employee asserted the claim in the wrong forum; and (3) extraordinary circumstances have prevented the employee from exercising his or her right." Strachova v. Metro. Museum of Art, 1999 WL 566305, at *5 (S.D.N.Y.1999) (citing Miller v. IT & T Corp., 755 F.2d 20, 24 (2d Cir.1985)). The Supreme Court has made clear that in Title VII cases the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). Thus, even *pro se* litigants are bound by the time requirements of Title VII.

Plaintiff alleges that she was wrongfully terminated by defendant on June 4, 2007 in violation of Title VII, the ADEA and the ADA. See Compl., ¶¶ 5,6 and 13. Plaintiff further asserts that her "termination" from Delphi on June 4, 2007 constitutes the alleged discriminatory act supporting her claims under Title VII, the ADEA and the ADA. See id., ¶¶5 and 6.

To bring this action, plaintiff was required to file her administrative charge of discrimination within 300 days of June 4, 2007, which calculates to be on or before March 31, 2008. Plaintiff states that she filed her charge of discrimination with the EEOC on October 31, 2008, but the Notice of Charge issued by the EEOC confirms that the Charge was filed on April 22, 2008. Compare Compl., ¶10 and Laudadio Aff, Ex. B, EEOC Notice of Charge. Regardless of which filing date is applied, either the one alleged by plaintiff or the one established by the EEOC, the charge was filed after the 300 day deadline. Even assuming that plaintiff's date is correct, the limitations period commenced 300 days earlier and is untimely. Accordingly, the action is time barred. See 42 U.S.C. § 2000e-5(e). Thus, allegations of discrete acts that occurred on or before June 4, 2007 are time-barred. See Morgan, 536 U.S. at 114.

## CONCLUSION

Plaintiff's claim must be dismissed because she filed her administrative complaint of discrimination after the expiration of

the 300-day limitations period required by Title VII, the ADEA and the ADA. See Hurd v. New York City Health and Hosp. Corp., 2008 WL 2127659 (S.D.N.Y.2008) (dismissing Title VII claim when *pro se* plaintiff missed statutory filing period by two days); Nelson v. Ashcroft, 2003 WL 22004884 (S.D.N.Y.2003) (same).[3] Defendant's motion to dismiss is granted and the plaintiff's Complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            s/Michael A Telesca
                                             MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
            October 29, 2009

---

[3] Plaintiff does not claim to satisfy any of the factors identified by the Second Circuit as grounds for equitable tolling. Despite the deference granted to *pro se* plaintiffs, "[m]ere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations." Ormiston v. Nelson, 117 F.3d 69, 72 n. 5 (2d Cir.1997); see also Kantor-Hopkins v. Cyberzone Health Club, 2007 WL 2687665, at *6 (E.D.N.Y.2007) ("[N]either filing charges as a *pro se* litigant nor having limited experience with the law is a valid reason for equitable tolling").